NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0929n.06
Filed: November 23, 2005
No. 04-1764

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Auto Alliance International, Inc. | : | |
| | : | |
| Plaintiff/Appellant, | : | On Appeal from the United States District |
| | : | Court for the Eastern District of Michigan |
| v. | : | |
| | : | |
| United States Customs Service, | : | |
| | : | |
| Defendant/Appellee. | : | |
| | : | |

Before: COLE and ROGERS, Circuit Judges; BECKWITH, District Judge.*

Beckwith, District Judge. Auto Alliance International appeals the district court's order

awarding Auto Alliance some, but not all, of its requested fees and costs. The district court

awarded fees after finding that Auto Alliance was a substantially prevailing party in its Freedom

of Information Act lawsuit against the United States Customs Service. Auto Alliance contends

that the district court abused its discretion when it (1) set an unreasonably low hourly fee rate;

(2) excluded some properly compensable billed hours; (3) made a 25 percent overall downward

adjustment due to excessive hours; (4) excluded computerized research costs; and (5) limited the

"fees for fees" award to three percent of the main case award. We affirm the district court in all

respects.

The background of the underlying FOIA litigation is accurately described in the district

---

* The Honorable Sandra S. Beckwith, Chief Judge, United States District Court for the
Southern District of Ohio, sitting by designation.

-1-

court's order of July 31, 2003, and will not be repeated here.  The district court's January 29, 2004 order found that Auto Alliance was a prevailing party entitled to an award of fees and costs.  In that order the district court initially ruled that Auto Alliance's lawyers' hourly rates were unreasonable, finding that $200 was a reasonable flat hourly billing rate for the Eastern District of Michigan. The court also excluded the time spent responding to Customs' motion to dismiss because Auto Alliance filed its lawsuit before it had exhausted its administrative remedies.  The district court requested additional explanation of the specifics of Auto Alliance's request, and eventually awarded $61,575 in fees and $4,676.90 in allowable costs.  (JA 297-306.)

The Customs Service timely appealed the prevailing party determination, but has since voluntarily dismissed its appeal.  Thus the only issue before this Court is Auto Alliance's cross-appeal concerning the fee award.

II.      Standard of Review.

This Court reviews de novo the district court's conclusions of law, and its factual determinations for clear error.  *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986).  The Court must decide whether the district court "misapplied the reasonable practices of the profession" in determining whether a prevailing party exercised proper judgment in the time spent on the case.  *Id.*  This Court must be very deferential to a district court's factual determinations.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

(1) The district court's $200 flat rate is well within the market rate for the Eastern District of Michigan.  The district court cited data from a 2000 State Bar of Michigan survey, which was outdated for the legal work performed during 2002 and 2003.  However, the record

also contains the 2003 State Bar survey. The median billing rate for downtown Detroit lawyers in that survey was $210, the mean was $238, and the rate in the 75th percentile was $306. Auto Alliance's billing statements show six billing attorneys at rates ranging from $175 to $400 per hour, along with a paralegal billing at $150 per hour. Auto Alliance's FOIA claim did not raise especially complex legal questions. Given the number of hours billed by relatively inexperienced attorneys, the district court would easily have been justified in concluding that a rate close to the 2003 Detroit median billing rate was an appropriate award. While as a general rule, this Court will remand when it finds the district court's fee calculation to be erroneous or inadequately explained, here we need not do so. The record that was before the district court fully supports its conclusion, which we find was not erroneous. Given the varying experience levels of the Auto Alliance attorneys, the lack of complexity of the legal issues, and the statistics from the 2003 State Bar survey, we find that the $200 flat rate is both reasonable and justified.

(2) The district court denied fees for time spent addressing Customs' motion to dismiss for failure to exhaust administrative remedies. The district court did not abuse its discretion in excluding those hours. Exhaustion of administrative remedies is a threshold requirement to a FOIA claim. Experienced counsel would or should be aware of that fact, and the district court was correct in finding that time spent opposing the motion to dismiss was unreasonable. Similarly, the district court did not abuse its discretion in refusing to award paralegal fees. The billing records reflect that the vast majority of the paralegal work consisted of picking up and indexing documents. This is nonrecoverable clerical work, as contrasted with paralegal work that would be otherwise have to be done by an attorney.

(3) Auto Alliance challenges the district court's reduction of the fee award by 25% for

general excessiveness in billing. The district court found that Auto Alliance's total of 510.25 attorney hours was high, given that the dispute was a relatively unexceptional FOIA case that was filed prematurely. The district court noted Customs' argument that many of the billing entries reflected unnecessary duplication of effort. Moreover, the district court found that any complexity in the case was due to the large volume of documents sought, and not any complex or novel legal issues. The district court relied on a Department of Justice report on fee awards in FOIA decisions, noting that Auto Alliance's fee request far exceeded the median award in all FOIA cases for the period 1998-2002. Based on these factors, the district court found a 25% reduction was merited.

This Court has recognized the propriety of an across the board reduction based on excessive or duplicative hours. See *Coulter v. Tennessee*, *supra*, 805 F.2d at 151. We cannot say that the district court's determination in this regard was an abuse of discretion or factually erroneous.

(4) Auto Alliance next challenges the disallowance of its costs for electronic legal research. The district court noted that this Circuit has not definitively ruled on this question, and denied the costs based on *United States v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2nd Cir. 1996). There, the Second Circuit disallowed computer research costs, holding they were part of the attorneys' hourly fees and could not be taxed separately. The Second Circuit relied on similar opinions from the Eighth Circuit (see *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319 (8th Cir. 1993)) and the Seventh Circuit (see *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994)).

Here, we need not address the merits of the issue because Auto Alliance failed to submit

**any** evidence or argument that might support an allowance of these costs. Auto Alliance requested $2,201.61 for computer research in the declaration of attorney Bruce J. Casino. But Mr. Casino's affidavit is silent concerning how this amount was calculated and the precise basis of the charge (e.g., whether it was prorated based on a flat fee, or whether any charges were incurred for specific research on the case). The record is silent about how the charges were reasonably related to the issues raised in the FOIA litigation. Nor did Auto Alliance submit any evidence about general industry practice in the Eastern District of Michigan concerning billing of computerized research charges. We therefore affirm the district court's denial of these costs as well within the proper exercise of the district court's discretion.

(5) Finally, we find that the district court did not abuse its discretion in capping Auto Alliance's recovery of "fees for fees" at three percent of the lodestar calculation. The district court properly recognized that the recovery of fees for time spent preparing a party's request for attorney's fees is legitimate. See, e.g., *Weisenberger v. Heucher*, 593 F.2d 49, 53-54 (6th Cir. 1979). This Court's general rule is that, in the absence of unusual circumstances, the "fees for fees" recovery should not exceed three percent of the hours in the main case which is decided without trial. *Coulter v. Tennessee*, *supra*, 805 F.2d at 152. The district court specifically found the absence of unusual circumstances. Auto Alliance suggests that the "protracted" fee litigation below is itself an unusual circumstance justifying a larger recovery here. We disagree, as we see nothing erroneous in the district court's contrary determination.

The district court's order granting attorney's fees and costs to Auto Alliance is therefore affirmed in all respects.