NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0011n.06
Filed: January 7, 2008

**No. 06-6123/6214**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MAUREEN DEAL; PHILLIP DEAL, Parents, On Behalf of Zachary Deal, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants Cross-Appellees, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| HAMILTON COUNTY DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | | |
| Defendant-Appellee Cross-Appellant. | | |

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

**PER CURIAM**. This case arises under the Individuals with Disabilities Education Act ("IDEA"). Maureen and Phillip Deal (the "Deals") brought this action against the Hamilton County Department of Education (the "School System") on behalf of their son, Zachary, who has been diagnosed with autism. A different panel of this court previously held that the School System committed procedural violations under the IDEA and thereby deprived Zachary of a "free and appropriate public education" ("FAPE"). *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004) [hereinafter *Deal II*]. In *Deal II*, our court remanded to the district court to determine the appropriate level of reimbursement for the Deals and whether the School System also committed substantive violations of the IDEA. The Deals argue that the district court committed the following errors on remand: (1) finding the School System's proposed educational plans were substantively

appropriate for Zachary; (2) denying the Deals full reimbursement for the home-based services they provided; (3) reducing the award of attorneys' fees to the Deals; and (4) refusing to award the Deals certain litigation expenses, particularly expenses for electronic legal research. The School System cross-appeals and argues that the Deals were entitled, at most, to nominal reimbursement. We AFFIRM the decision of the district court.

## BACKGROUND

The factual background of this case is detailed in the previous opinion from this court and will not be repeated here. *Id.* at 845-47. That opinion also describes the administrative proceedings and initial district court decision. *Id.* at 847-49. The *Deal II* court held that the School System committed procedural violations of the IDEA, that these violations denied Zachary a FAPE, and that the Deals were entitled to reimbursement. *Id.* at 859, 866. In *Deal II*, the court further ruled that in deciding whether the School System's proposed educational programs were adequate, the district court must evaluate Zachary's individual abilities and give "due deference to the ALJ's findings." *Id.* at 865. The *Deal II* court remanded and instructed the district court to determine the appropriate level of reimbursement for the Deals; it also authorized the district court to consider whether the School System committed a substantive IDEA violation. *Id.* at 866.

## STANDARD OF REVIEW

In determining whether IDEA violations have been committed, a district court applies a "modified de novo" standard of review. Under this standard, "a district court is required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings." *Knable ex rel. Knable*

*v. Bexley City Sch. Dist.*, 238 F.3d 755, 764 (6th Cir. 2001). We review the district court's findings of fact under a clearly erroneous standard, and we review its conclusions of law de novo. *Deal II*, 392 F.3d at 850 (citing *Knable*, 238 F.3d at 764). "Mixed questions of law and fact, including the question of whether a child was denied a FAPE, are reviewed de novo." *Id.*

The district court's determination of an appropriate amount of reimbursement is reviewed for an abuse of discretion. *See Ms. M. ex rel. K.M. v. Portland Sch. Comm.*, 360 F.3d 267, 273 (1st Cir. 2004). The award of attorneys' fees is also reviewed under an abuse of discretion standard. *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993).

**DISCUSSION**

A.  Substantive IDEA Violations

The *Deal II* opinion stated the general rule that "a school district is only required to provide educational programming that is reasonably calculated to enable the child to derive more than *de minimis* educational benefit." *Deal II*, 392 F.3d at 861. The *Deal II* court then noted that, "[T]here is a point at which the difference in outcomes between two methods can be so great that provision of the lesser program could amount to denial of a FAPE." *Id.* at 862. The court went on to adopt the view that "the IDEA requires an IEP to confer a 'meaningful educational benefit' gauged in relation to the potential of the child at issue." *Id.*

Having been instructed to carefully consider Zachary's individual abilities, the district court appropriately began its analysis on remand with an examination of Zachary's potential. *Deal v. Hamilton County Dep't Educ.*, No. 1:01-cv-295, slip op. at 3-9 (E.D. Tenn. Apr. 3, 2006) (Memorandum Decision) [hereinafter *Deal III*]. As mentioned previously, the district court must

accord due deference to the administrative findings; however, "[t]he more that the district court relies on new evidence, . . . the less it should defer to the administrative decision." *Alex R., ex rel. Beth R. v. Forrestville Valley Cmty. Unit Sch. Dist. #221*, 375 F.3d 603, 612 (7th Cir. 2004); *see also Oberti v. Bd. of Educ. of the Borough of the Clementon Sch. Dist.*, 995 F.2d 1204, 1220 (3d Cir. 1993) (noting that where the district court hears additional evidence it is "free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record").

The district court was entitled to rely on the additional expert testimony that contradicted the ALJ's findings and much of the testimony before the ALJ. As a result, the district court's findings regarding Zachary's skills and potential are not clearly erroneous. *See Deal III*, slip op. at 3-9. Additionally, the district court noted that Zachary's home program was not identical to the treatment received by children in the Lovaas study, and it therefore cannot be expected to produce the same results. *Id.* at 19. Based on the district court's findings, we cannot say the home program was so superior to the School System's program that refusal to fund the home program constituted denial of a FAPE.

As for whether the substantive program offered by the School System would have provided Zachary with a FAPE, different methodologies may be appropriate for treating autism and provide a FAPE as long as the student's individual needs are considered and the program is reasonably calculated to provide educational benefit. *See Dong ex rel. Dong v. Bd. of Educ. of Rochester Cmty. Sch.*, 197 F.3d 793, 803-04 (6th Cir. 1999). In light of the additional testimony heard by the district court, we agree that the preponderance of the evidence supports the district court's determination that

the School System's IEPs were reasonably calculated to offer Zachary a meaningful educational benefit.

### B. Reimbursement

In *Deal II*, our court held that the Deals were entitled to reimbursement for the home-based, ABA services they provided to Zachary and instructed the district court to "weigh the equities and determine the appropriate level of reimbursement." *Deal II*, 392 F.3d at 866. The Deals argue they are entitled to full reimbursement based on this court's decision in *Deal II* and the purposes of the IDEA. On the other hand, the School System asserts the Deals should receive only a nominal amount in light of the ruling that it offered Zachary a substantively appropriate program. The district court found that the Deals' reasonable expenditures on ABA services were $50,409.95. *Deal v. Hamilton County Dep't of Educ.*, No. 1:01-cv-295, 2006 WL 2854463, at *4 (E.D. Tenn. Aug. 1, 2006). The district court considered the substantive appropriateness of the School System's program as an equitable factor and ultimately awarded the Deals half of their reasonable expenditures, or $25,204.98. *Id.* at *5. It did not abuse its discretion in setting the amount of the reimbursement award.

### C. Attorneys' Fees & Litigation Costs

The district court discussed in great detail the appropriate rates and number of hours for each of the three law firms that represented the Deals, as well as analyzing the Deals' degree of success at each stage of the litigation. *Id.* at *9-20. The district court did not abuse its discretion in determining the appropriate amount of attorneys' fees in this case, nor did it abuse its discretion in

denying the Deals' request for certain litigation expenses, including electronic legal research, travel

expenses, and overtime meals.

AFFIRMED.