NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0858n.06

Case No. 14-5481

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 14, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN SMITH, et al., | ) |
| | ) |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) |
| | ) |
| SERVICE MASTER CORP., et al., | ) |
| | ) |
| Defendants-Appellants. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE: COOK and WHITE, Circuit Judges; MICHELSON, District Judge.*

**HELENE N. WHITE, Circuit Judge.** Defendants-Appellants ServiceMaster Holding Corp., ServiceMaster Company, Inc., Terminix International Company, L.P., and Terminix International, Inc. (collectively ServiceMaster), provide services to residential and commercial customers, including termite and pest control, lawn care, landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection. Plaintiffs, all at one point employees of Terminix International Company, L.P., or Terminix International, Inc. (collectively Terminix),[1] brought an action against ServiceMaster for violations of the Fair Labor Standards Act (FLSA), alleging that ServiceMaster had a policy of not compensating technicians for all hours worked and for overtime, and seeking to represent a class of similarly-situated employees. After an arbitrator determined that Plaintiffs could

---

* The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] We will refer to Terminix and other Defendants as ServiceMaster except where additional clarification is necessary.

proceed collectively, ServiceMaster settled with the individual Plaintiffs. Plaintiffs' counsel then sought attorney's fees and costs of the action. The district court awarded the full amount requested, and ServiceMaster appeals.

We VACATE the award of attorney's fees and costs and REMAND to the district court for further consideration.

## I.    BACKGROUND

### A. Smith's FLSA Claim

Smith filed an action against ServiceMaster on July 14, 2009, in the Western District of Tennessee, alleging individual claims under the FLSA pursuant to 29 U.S.C. § 201, and sought certification of a class under 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated employees. Smith worked in Terminix's Baton Rouge, Louisiana, branch. He alleged that the number of appointments technicians were required to complete in a day often necessitated working more than eight hours, and that ServiceMaster did not properly compensate him for the overtime. Further, the complaint alleged that the time-keeping device carried by technicians did not accurately record all hours technicians worked.

### B. Smith's First Amended Complaint

The district court granted ServiceMaster's motion to transfer the case to the Middle District of Louisiana on July 1, 2010.[2] However, on October 11, 2011, Smith filed an unopposed motion for leave to amend the complaint and to transfer the action back to the Western District of Tennessee. In the motion, Smith sought to add two named plaintiffs, Dominick Massaro (Massaro) and Troy Yates (Yates), to replace Smith as the collective action representatives. Massaro worked as a service representative for Terminix in Palm Beach, Florida, from the time

---

[2] Because Smith worked for ServiceMaster in Louisiana, Terminix claimed that it would be prejudiced if forced to defend the action in Tennessee. Smith objected, but the district court agreed with ServiceMaster.

his former employer, ServicePro, was bought by Terminix, until August 2010. Yates worked as a service representative for Terminix in Glenview, Illinois, from 2007 to 2009.

Both Massaro and Yates claimed they were improperly classified as exempt employees and thus not paid overtime wages. The amended complaint also included allegations that ServiceMaster failed to provide employees with meal breaks in accordance with 29 C.F.R. § 785.19 (Claim II). The district court granted the motion to amend and transfer on October 19, 2011. In addition, William Craig (Craig) and Billy Simpkins (Simpkins) filed motion-to-join forms on April 8, 2010, and February 9, 2012, respectively. Although Smith's counsel spent many hours preparing a motion for collective action certification, it was never submitted; thus, the district court never certified this matter as a collective action.

## C. Arbitration of the Claims

On January 11, 2012, ServiceMaster moved to compel Massaro and Yates to arbitrate their claims pursuant to the arbitration provision in the employment agreements they entered into at the beginning of their employment with ServiceMaster. The agreement provided, in relevant portions, that a third-party arbitrator would decide employment disputes and that both parties would be bound by the arbitrator's decision. Massaro and Yates objected to the motion to compel, but on March 13, 2012, the district court granted the motion.[3] The district court did not decide whether the arbitration could proceed as a collective action; it concluded that the issue was properly within the purview of the arbitrators. Massaro and Yates submitted their individual claims to the arbitrator and sought a certification of collective action.

A telephonic arbitration-management conference was held on October 31, 2012. The arbitrator asked the parties to submit additional briefing regarding whether the arbitration clause permitted collective actions. The parties submitted their briefs, and on December 27, 2012, the

[3] ServiceMaster did not move to compel arbitration of Smith's claims.

arbitrator entered a partial final award finding that the "arbitration agreement [did] not preclude this arbitration from proceeding on behalf of a class." ServiceMaster then filed a motion to vacate the arbitrator's award, which the district court denied on May 21, 2013.

### D. Settlements with Plaintiffs and Award of Fees and Costs

Between August 16, 2013, and September 6, 2013, ServiceMaster extended Fed. R. Civ. P. Rule 68 offers to Massaro, Yates, Craig, Simpkins, and Smith. After all plaintiffs accepted an offer, the district court entered judgment on each individual's FLSA claim in the following amounts: $6,552 for Smith, $2,295.30 for Massaro, $10,733.06 for Yates, $5,137.96 for Craig, and $57,623.20 for Simpkins. Thus, Plaintiffs' total combined recovery was $82,341.52.

Plaintiffs filed a revised motion requesting $516,890.25 in attorney's fees and $18,908.85 in costs on October 15, 2013.[4] ServiceMaster objected, contesting the amount and also arguing that Plaintiffs were not prevailing parties in the collective action portion of the case and should therefore not recover fees for work done in pursuit of collective action. The district court granted Plaintiffs' motion in a five-page order awarding $516,890.25 in attorney's fees and $18,908.85 in costs.

## II.  DISCUSSION

### A. Standard of Review

"We review a district court's award of attorney's fees for abuse of discretion." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). An abuse of discretion can be found when the lower court "relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard" or "when the reviewing court is firmly convinced that a mistake has been made."

---

[4] Plaintiffs slightly decreased the amount of fees and costs requested from the original motion to account for time attorneys spent performing clerical duties.

*Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 348–49 (6th Cir. 2000) (quoting *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993)).

This court has held that

[i]n order to facilitate appellate review of a fee award, a district court must provide a concise but clear explanation of its reasons for the award. The district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why. Failure to provide such an explanation requires us to remand the case for further consideration.

*U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (observing that the Plaintiffs' "summary merely lists the number of hours U.S. Structures' attorneys worked on various stages of the case, the hourly rate charged by each attorney, and a total for all attorneys' fees and costs incurred. The court's order provides no elaboration and makes no finding that the hours expended were reasonable, or that the hourly rates were customary.") (internal citations and quotations omitted).

A district court is required to address a party's non-frivolous objections to the requested fee award:

Where a party raises specific objections to a fee award, a district court should state why it is rejecting them. Even if the defendant raises objections in a generalized manner, a district court has an obligation to review the billing statement and eliminate those portions of the fee which are unreasonable on their face.

*Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

## B. Attorney's Fees and Costs Under the FLSA

ServiceMaster argues that the district court erred in granting the Plaintiffs' full request for fees and costs. Specifically, ServiceMaster maintains that the district court erred when it: 1) awarded Smith the costs of electronic research; 2) granted compensation for law clerks and

associates at rates that exceeded local rates; 3) awarded fees for motions, issues, and claims on which Plaintiffs did not prevail; 4) awarded fees for time entries that did not adequately describe the task performed; 5) awarded fees for unnecessary work completed by billing professionals; and 6) awarded fees for attorney travel time. Each of these claims was raised below, although only superficially addressed by the district court. ServiceMaster also contends that remand is necessary because the district court did not provide a clear explanation for the fee award.

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under § 216(b) is mandatory. *See United Slate, Tile & Composition Roofers*, *Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984) (citing *Montgomery Ward & Co. v. Antis*, 158 F.2d 948 (6th Cir. 1947)).

### 1. Expenses of Electronic Legal Research

ServiceMaster alleges that Smith's award of $3,590.69 for costs incurred performing electronic legal research on Westlaw and PACER is not recoverable, and even if it is recoverable, the charges were not described with sufficient detail.

Sixth Circuit law is unsettled regarding whether costs for electronic legal research are properly awarded or whether these costs should be considered part of the overhead included in the attorney's hourly fee. *See Auto Alliance Int'l, Inc. v. U .S. Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005) ("[T]his circuit has not definitively ruled on this question . . . ."); *see also Deal v. Hamilton Cnty. Dep't of Educ.*, 258 F. App'x 863, 866 (6th Cir. 2007) (the district court did not "abuse its discretion in denying the [Plaintiffs'] request for certain litigation expenses, including electronic legal research, travel expenses, and overtime meals"). Further, there is a

split within the district courts of this circuit. *Compare Moore v. Menasha Corp*., No. 1:08–CV–1167, 2013 WL 308960, at \*6 (W.D. Mich. Jan. 25, 2013) (holding that "[w]hile it is a close question, the Court concludes that the modern practice is to charge clients separately for computer-research costs"), *with Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 894 (E.D. Mich. 2010) (denying the expense, holding "the majority of courts which have considered the matter have denied recovery for computer legal research as a separate expense").[5]

Some circuits consider electronic research costs to be incorporated in the attorney's billing rate and thus not separately compensable. "The idea is that computer-assisted legal research essentially raises an attorney's average hourly rate as it reduces (at least in theory) the number of hours that must be billed. As a form of attorney's fees, the charges associated with such research are not separately recoverable expenses." *Montgomery v. Aetna Plywood, Inc*., 231 F.3d 399, 409 (7th Cir. 2000) (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440–41 (7th Cir. 1994)); *see also Standley v. Chilhowee R-IV Sch. Dist*., 5 F.3d 319, 325 (8th Cir. 1993) ("[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."). But other circuits routinely award electronic research as separate costs. "It is undisputed that a plaintiff may receive an award of costs for legal research." *Porter v. Astrue*, 999 F. Supp. 2d 35, 43 (D.D.C. 2013) (citing *Hirschey v. F.E.R.C.*, 777 F.2d 1, 6 (D.C. Cir. 1985) ("[A] charge of $142.61 for computer research is appropriate.")).

---

[5] There is a similar split within other circuits regarding the recoverability of computer research. In the Eastern District of New York, for example, courts "differ on whether to allow electronic research costs as a reimbursable item." *Adams v. City of New York*, Nos. 07-CV-2325, 13-CV271, 2014 WL 4649666, at \*11 (E.D.N.Y. Sept. 16, 2014) ("The Court favors the approach of accounting for electronic research fees as part of the proportionate share of attorney's fee and declines to award such expenses as a separate reimbursable item.").

Some circuits find that efficiency justifies awarding the cost of computerized legal research. "We agree that the use of online research services likely reduces the number of hours required for an attorney's manual search, thereby lowering the lodestar, and that in the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004).

We see no reason for an absolute rule that the cost of computer research is or is not recoverable. Any recovery should be for the actual cost of the online access or service. If the lawyer or firm pays a blanket access fee, rather than per search, there is no reason to distinguish the on-line research cost from the cost of the books that at one time lined the walls of legal offices, which was treated as overhead. If distinct charges are incurred for specific research directly relating to the case, and the general practice in the local legal community is to pass those charges on to the client, we see no reason why such properly documented charges should not be included in the recoverable expenses.

In the instant case, the record of the local practice regarding computer research charges has not been developed. *Auto Alliance Int'l, Inc.*, 155 F. App'x at 229 ("Nor did [Plaintiffs] submit any evidence about general industry practice . . . concerning billing of computerized research charges."). ServiceMaster further asserts that Plaintiffs' record of the charges is inadequate. A typical entry for Plaintiffs' electronic research reads: "Timekeeper: Jaime Pacheco; Date: 10/31/2009; Narrative: October 2009 Westlaw charges; Units: 1; Total Price: $2.84." Plaintiffs explain that they ensured the costs were properly billed to the ServiceMaster case because their attorneys "designate[d] a client-specific billing code for each PACER or Westlaw session at the time the charge is incurred. When the bills for the electronic research are

received, the bills are reviewed and recorded for each client in the law firm's internal billing software." Br. of Appellees at 33. This practice establishes that the expenses were actually incurred in connection with the litigation. However, the entries, without more do not establish that each charge was reasonably related to the issues raised in the case. Accordingly, even if the costs of electronic legal research can be separately awarded, it is not apparent that Plaintiffs have provided descriptions of their charges sufficient to justify such an award. We therefore remand to the district court for further development of the record and reconsideration of an award for the expenses of computer-based research.

## 2. Rates of Compensation for Law Clerks and Associates

ServiceMaster argues that the district court erred in granting fees based on Plaintiffs' requested hourly rates of $300, $375, and $450 for associates, and $175 and $225 for law clerks because these rates exceed the local rates of the forum.[6] The district court found the rates reasonable, explaining that

> Plaintiffs' Counsel, based in San Francisco, California, litigated the case against Defendants, national corporations. The Court finds the hourly rates requested by Plaintiffs' counsel to be reasonable, particularly considering the rate discounts[7] Plaintiffs' Counsel provided in its lodestar figure.

However, in this circuit, "[a] trial court, in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the *prevailing market rate in the relevant community*." *Adcock–Ladd*, 227 F.3d at 350 (internal quotation marks omitted) (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he starting point [for determining the reasonable amount of attorney's fees] has been a 'lodestar' calculation—the product of the number of hours reasonably spent on the case by an attorney

---

[6] ServiceMaster does not dispute that this circuit uses the lodestar to calculate attorney's fees; it only takes issue with the rates charged for the associates and law clerks.

[7] Andrus and Anderson, LLP discounted their hourly rates by 25 percent.

times a reasonable hourly rate." *Moore*, 355 F.3d at 565. The amount of fees awarded can be adjusted as the district court finds necessary under the circumstances of the particular case. *Id*.

There is some Sixth Circuit authority that the relevant market need not be local to the venue. "Today's holding is not to be interpreted as *requiring* district courts to always base the fees awarded non-private attorneys on local rates. District courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) (emphasis in original). Further, a district court has discretion to consider the following factors and adjust the award accordingly:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock–Ladd*, 227 F.3d at 349 n.8 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The Tennessee Rate Report indicates that the local hourly rates for associates range from $190 to $335, well below the rates charged by Plaintiffs' counsel. The report reflects that only partners commanded the $450 hourly rate. Plaintiffs submitted declarations from two Tennessee-area FLSA attorneys and from a fee expert and professor of law at Vanderbilt University. William B. Ryan, one of the FLSA attorneys, found the requested hourly rates justified because of the sophisticated nature of the litigation and of Plaintiffs' counsel. Professor Brian T. Fitzpatrick testified that his research indicates that FLSA cases in other circuits command a higher hourly rate.

The district court did not adequately explain its reasons for departing from the local rate for associates and did not discuss the governing criteria. Thus, we remand for further consideration.

Additionally, the district court did not specifically address the reasonable hourly rates for law clerks, and neither party provided evidence of the market rates for such work. Because the trial court is required to "assess the prevailing market rate in the relevant community" (*Adcock–Ladd*, 227 F.3d 343 at 350), we remand the law clerk-rate issue for additional consideration as well.

### 3. Fees for Unsuccessful Motions, Issues, and Claims

ServiceMaster argues that the district court erred in awarding fees for work on unsuccessful motions, issues, and claims. Specifically, ServiceMaster requests that the award be reduced by: 1) at least $46,897.20 for time spent on Smith's unsuccessful defense of the motions to compel arbitration and 2) $126,092.20 for work related to Smith's unsuccessful motion to compel discovery of class information and Smith's unsuccessful pursuit of collective action. The district court did not address this objection in its order.

"'[T]he most critical factor' governing the reasonableness of a fee award 'is the degree of success obtained.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Where "a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005) (quoting *Hensley*, 461 U.S. at 435). However, "where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court should focus on the significance of the overall relief obtained by

11

the plaintiff in relation to the hours reasonably expended on the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (quoting *Hensley*, 461 U.S. at 435). Further, this court has held that attorney's fees related to a failed effort to pursue collective action can be recovered if "these expenses benefitted the . . . plaintiffs' individual claims." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 576 (6th Cir. 2009).

The district court made no findings supporting the award of attorney's fees for work relating to the unsuccessful claims and defenses. There was no discussion of whether and to what extent the work related to the successful claims. We therefore remand for a determination and discussion of the issue whether the award should be reduced to account for the time attorneys spent on Plaintiffs' unsuccessful claims, and if so, by how much.

### 4. Time Entry Descriptions

ServiceMaster alleges that the district court erred by awarding fees based on time entries that lacked sufficient detail and impermissibly block-billed the time charged. Accordingly, ServiceMaster seeks a $8,738.50 reduction of the award for vague entries and $649 reduction for block-billed entries. The district court did not address these objections in its order.

#### i. Insufficiently Detailed Descriptions

Attorneys who seek fees have an obligation to "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Wooldridge*, 898 F.2d at 1177. The party seeking fees has "the burden of providing for the court's perusal a particularized billing record." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Although Plaintiffs' counsel "is not required to record in great detail how every minute of his [or her] time was expended," "at least counsel should identify the general subject matter of

[] time expenditures, *Hensley*, 461 U.S. at 437 n.12); see also *Wooldridge*, 898 F.2d at 1177; *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1020 (N.D. Ohio 1997).

This court has held that "[in] obtaining the number of hours expended on the case, the district court must conclude that the party seeking the award has sufficiently documented its claim." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Where the documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Because the district court in the instant case failed to make any findings regarding the sufficiency of the explanations provided by Plaintiffs' counsel, we remand.

### ii.    Block-Billing

Regarding block-billing, this court has held that so long as the description of the work performed is adequate, block-billing can be sufficient.

> [Plaintiff] has cited no authority to support its argument that the use of block billing is contrary to the award of a reasonable attorney fee . . . in fact, our sister circuits have rejected block-billing objections to fee awards in a number of contexts. . . . [C]ounsel, of course, is not required to record in great detail how each minute of his time was expended.

*Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 273 (6th Cir. 2007); *see also Oakley v. City of Memphis*, No. 06-2276 A/P, 2012 WL 2682755, at *3 (W.D. Tenn. June 14, 2012) *report and recommendation adopted*, No. 06-2276-STA-tmp, 2012 WL 2681822 (W.D. Tenn. July 6, 2012) *aff'd*, 566 F. App'x 425 (6th Cir. 2014) ("As far as this court is aware, the Sixth Circuit has never explicitly rejected the practice of block billing."). However, we remand so that the district court can assess this objection in light of its reconsideration of the other issues addressed in this opinion.

## 5. Unnecessary Work

ServiceMaster next argues that the total award should be reduced by $1,732 for clerical tasks completed by lawyers and other billing professionals, and by $20,122.50 for entries that reflect multiple attorneys working on the same task. The district court did not address this argument. Accordingly, we remand to the district court for determination as to whether the award should be reduced to account for any clerical work performed by Plaintiffs' counsel.

ServiceMaster also contends that "[i]n multiple instances, Plaintiffs sought fees for two attorneys to perform the same task." ServiceMaster points to instances where more than one lawyer billed for meetings, calls, and depositions in which all billing lawyers participated. However, ServiceMaster does not provide any relevant authority from this jurisdiction stating that when multiple attorneys work on a task, only one attorney can bill his or her time. This court has, "[i]n complicated cases, involving many lawyers, [] approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services." *Sigley v. Kuhn*, 205 F.3d 1341, 2000 WL 145187, at *8 (6th Cir. Jan. 31, 2000) (table). We remand this issue to allow the district to determine if the duplicative entries are warranted.

## 6. Fees for Attorney Travel Time

Finally, ServiceMaster alleges that the district court erred by awarding Plaintiffs 95.2 hours of travel time, totaling $49,028, in attorney's fees because Smith did not provide evidence that the attorneys worked while traveling.[8] "The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be the local practice regarding payment for travel time." *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc, 2014 WL

---

[8] ServiceMaster does not contend that any of the travel time submitted by Plaintiffs' counsel was unnecessary.

4472720, at \*7 (W.D. Tenn. July 28, 2014) (quoting *Robinson v. Elida Sch. Dist., Bd. of Educ.*, 99 F.3d 1139, 1996 WL 593535, at \*3 (6th Cir. Oct. 15, 1996)); *see also Perotti*, 935 F.2d at 764 ("We believe that matters of this sort [travel time] are within the discretion given the district court, which has greater familiarity with local practice than does this court, and we will not reverse on this record.").

The district court made no findings pertinent to the local practice regarding travel time, or whether the attorneys were performing legal services while traveling. Therefore, we remand this issue as well.

### III.    CONCLUSION

The district court's order included minimal explanation for the substantial award. In approximately four pages of analysis, it emphasized that fee and cost awards are within the discretion of the district court and cited relevant precedent. The court explained, citing *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984), that "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." The court further stated that the lodestar method is used to calculate reasonable attorney's fees, and "modifications [to the lodestar] are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." (Citing *Adcock–Ladd*, 227 F.3d at 350). However, the court did not acknowledge this court's prevailing legal standard for determining the reasonable hourly rate for the local market, did not evaluate the reasonableness of the hours spent, and did not address most of ServiceMaster's objections.

Although "[a] request for attorney's fees should not result in a second major litigation" and "the district court has discretion in determining the amount of a fee award, . . . [i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

For these reasons, we VACATE the award of fees and costs, and REMAND for further consideration consistent with this opinion.