NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0159n.06

Case No. 25-5617

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ANTHONY WYNN, et al.

     Plaintiffs - Appellants,

v.

CITY OF COVINGTON, KENTUCKY, et al.

     Defendants - Appellees.

)
)
)
)
)
)
)
)
)
)
)

FILED
Apr 08, 2026
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: SUTTON, Chief Judge; STRANCH and RITZ, Circuit Judges.

SUTTON, C.J., delivered the opinion of the court in which STRANCH and RITZ, JJ., joined. STRANCH, J. (pp. 8–9), delivered a separate concurring opinion.

SUTTON, Chief Judge. Anthony Wynn sued the City of Covington and members of its police department for violating his rights under federal and state law. The district court rejected all of his claims as a matter of law, and we affirmed. The district court on remand granted attorney's fees to the defendants, *see* 42 U.S.C. § 1988; 28 U.S.C. § 1927, based on several frivolous arguments raised in the action. Seeing no abuse of discretion, we affirm.

I.

The underlying case arises from a series of interactions between Wynn and the Covington police department. On January 1, 2021, Covington police officers responded to reports of a domestic dispute at an apartment. Wynn, then present at the home, refused to cooperate with the

bvofficers' instructions and resisted arrest. That led to a scuffle, which ended when an officer forced Wynn to the ground. The officers arrested Wynn for menacing and disorderly conduct.

Two weeks later, Wynn had another encounter with Covington police officers. An officer pulled over a car for traffic infractions and asked the driver and passengers for identification. Wynn, a passenger, did not immediately identify himself. The officer told Wynn that he could be cited for not wearing a seatbelt. Wynn then identified himself as Ronnie Wynn, the name of his brother. That maneuver backfired when a database check for "Ronnie Wynn" revealed that he had an outstanding warrant, prompting the officer to return to the car with backup. The officers asked Wynn to exit the vehicle. Wynn exited, but refused to turn his body to place his hands on the vehicle when asked. Another altercation with the officers ensued, and it too ended with Wynn on the ground. After the officers placed Wynn in handcuffs, they stood him back up and moved to handle the rest of the vehicle occupants. Wynn, still handcuffed, tried to break away. The officers tackled him to the ground and charged him with disorderly conduct, intoxication, assault, and resisting arrest.

Wynn filed a lawsuit against the City of Covington and members of its police department (collectively, the Department) under § 1983 and state law, alleging various federal constitutional and state-tort claims. The Department moved to dismiss some of Wynn's claims as time barred, and the district court granted the motion. After discovery on the remaining claims, the Department moved for summary judgment, which the district court granted. Wynn appealed, and we affirmed. *Wynn v. City of Covington*, No. 24-5840, 2025 WL 2093032, at *3–4 (6th Cir. July 25, 2025).

The Department moved for attorney's fees. *See* 42 U.S.C. § 1988; 28 U.S.C. § 1927. The district court granted the motion in part, assessing each of the Department's claims individually and awarding $7,364.70 of the $9,842.70 in fees requested by the Department under both § 1988

2

and § 1927. The court premised the fees on three of Wynn's claims: (1) his claim that officers violated his constitutional and state-law rights during the January 1 arrest; (2) his claim that officers racially discriminated against him during the January 16 arrest; and (3) his claim that the request for his identification during the January 16 traffic stop violated the Fifth Amendment.

## II.

On appeal, Wynn argues that the district court erred in four ways: (1) awarding attorney's fees under § 1988, to be paid by Wynn, (2) awarding fees under § 1927, to be paid by Wynn's attorney, (3) refusing to accept an amicus curiae brief, and (4) failing to recuse.

*Attorney's fees under § 1988*. A court may award fees to the prevailing party if the claims were "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also* 42 U.S.C. § 1988; *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (applying *Christiansburg* to § 1983 actions). A court may award fees when "no evidence supports the plaintiff's position" or when a case's weaknesses rise to "such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

While we review a court's award of fees for abuse of discretion, *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000), we keep in mind that awarding fees to a prevailing civil rights defendant is "an extreme sanction, and must be limited to truly egregious cases of misconduct," *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

The district court did not abuse its discretion. Begin with Wynn's claim from his January 1 arrest. The court found that, after the Department moved for summary judgment and provided incontrovertible evidence that the accused officers were not present—or even on duty—during the

night of Wynn's arrest, Wynn's refusal to concede the claim was unreasonable. Notably, the court limited the fee award just for legal work incurred to produce the Department's reply brief. That decision was well justified. By that point in the case, the Department had provided: (1) call logs identifying the officers who responded to the 911 call, which did not include the accused officers; (2) records showing the officers who witnessed the arrest, which did not include the accused officers; (3) the shift schedule indicating that the accused officers were not scheduled to work; and (4) three sets of body camera footage showing that the accused officers were not present at the arrest. After this showing by the Department, the district court was right to call Wynn's unsubstantiated argument (which he maintains on appeal) that the officers might have doctored all these records (and the body camera footage) frivolous. *See EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 593 (6th Cir. 2013). Wynn "should have known [that he] could not prove [his] claim as pleaded" in view of the Department's unrebutted evidence. *Id.* No abuse of discretion occurred.

Move next to Wynn's claims arising from his January 16 arrest. The court awarded fees for the legal work incurred to answer Wynn's discrimination claim. As we noted during the first appeal, this claim consisted of "conclusory allegation[s]" and "speculative, not reasonable, inference[s] of race discrimination." *Wynn*, 2025 WL 2093032, at *3–4. Wynn reiterates some of the same allegations in this appeal, including his insistence that one officer's inability to remember whether he had placed a white person in a chokehold shows racial bias. On this record, the district court found that Wynn failed to plead a viable claim of discrimination, failed to concede the point when he should have, and failed to support his improperly pleaded claim with anything other than conclusory statements and multi-step, and highly speculative, inferences. Wynn's "claims were without foundation from the outset." *Wilson-Simmons*, 207 F.3d at 824. No abuse of discretion occurred.

As for Wynn's self-incrimination claim arising from the January 16 traffic stop, "unambiguous case law" "clearly barred" it. *Smith*, 754 F.2d at 183. The officer's request for identification was not "compelled testimony" that could have violated the Fifth Amendment, *Hiibel v. Sixth Jud. Dist. Ct.*, 542 U.S. 177, 189 (2004), and Wynn could not have incriminated himself because he did not disclose his real name, *see Schmerber v. California*, 384 U.S. 757, 761 (1966). The court permissibly awarded fees for the work incurred in responding to Wynn's claim.

Wynn argues that the district court erred by allowing the Department to recover for time spent defending against an improperly pleaded claim—his discrimination claim. The court granted summary judgment to the Department on Wynn's discrimination claim because Wynn did not properly plead that specific officers violated his rights. Wynn reasons that, if he did not adequately plead the claim, the Department should not have spent time responding to it. But regardless of whether Wynn properly pleaded his claim, the Department had reason to respond to Wynn's other gestures to discrimination in his complaint. The court did not abuse its discretion in awarding modest fees for time the Department spent in responding to this theory.

Wynn also disagrees with the district court's award of "fees for fees" billing. The Department requested payment for 11.35 hours of work related to attorney's fees, which amounted to 24% of its claimed hours. The court awarded fees only for 1.4 hours—3% of the claimed hours. Wynn nonetheless argues that the court disregarded our guidance in *Auto Alliance International, Inc. v. United States Customs Service* that "fees for fees" awards "should not exceed three percent of the hours in the main case which is decided without trial." 155 F. App'x 226, 229 (6th Cir. 2005). The record shows that the court followed *Auto Alliance*'s guidance to a tee. No error occurred.

*Attorney's fees under § 1927.* Wynn contests the court's imposition of sanctions against his attorney. A court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A sanction is appropriate if an attorney "knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Abuse-of-discretion review applies. *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 634 (6th Cir. 2009).

The court awarded fees under § 1927 with respect to the same three claims for which it awarded fees under § 1988. It gave good reasons for doing so. The court found that Wynn's attorney "should have known" that the January 1 claim would "needlessly increase[] the costs of litigation" once it became clear that the accused officers had nothing to do with the incident. R.98 at 23. The court found that the attorney's conduct surrounding the January 16 discrimination claim rose to the level of "incendiary" and fell "far below the obligations owed by a member of the bar to the court." R.98 at 25 (quotation omitted). And the court found that Wynn's attorney should have known that the January 16 self-incrimination claim frivolously contradicted settled precedent. We see "no red flags of abuse" and decline to disturb the court's reasoned exercise of discretion, all informed by "its ring-side seat" of the proceedings. *Roberts v. Neace*, 65 F.4th 280, 286 (6th Cir. 2023).

In seeking to fend off this conclusion, Wynn claims that the district court failed to view the facts in the light most favorable to the non-moving party and "transformed disputed factual issues into grounds for sanctions." Appellant's Br. 12. But we have already affirmed the district court's grant of summary judgment, *Wynn*, 2025 WL 2093032, at *4, and disagreement over the district

court's review of the evidence in the underlying merits decision does not demonstrate a clear error over how it imposed sanctions. No abuse of discretion occurred.

*Amicus participation*. Wynn claims that the district court erred in denying the ACLU's motion for leave to file an amicus curiae brief. An amicus provides value by acting as an "impartial friend of the court—not an adversary party in interest in the litigation." *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir. 1991) (emphasis omitted). Whether to allow amicus participation is "a privilege within the sound discretion of the courts." *Id*. at 165 (quotation omitted).

Wynn does not offer any good reason to second guess the district court's decision. The court found that the proposed brief "advocate[d] the same positions briefed by [Wynn]" and would "not provide unique information or perspective that would assist the Court beyond the help that the lawyers for the parties are able to provide." R.98 at 4–5. On appeal, Wynn does not identify any legitimate reason why that conclusion was wrong. No abuse of discretion occurred.

*Recusal*. Wynn claims that the district judge should have recused himself because he has an acquaintance in the Commonwealth's Attorney's office and the acquaintance's colleague is married to a member of the Covington Police Department. But Wynn did not move for recusal below and thus has forfeited the argument on appeal. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 863 (6th Cir. 1992). Even if Wynn had moved for recusal, we highly doubt that this attenuated connection "displays a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (quotation omitted).

We affirm.

**JANE B. STRANCH, Circuit Judge, concurring.** I join the opinion affirming the decision below based on the district court's specific analysis of each claim. When presented with a blanket request for fees, the court separated the fee requests by statutory authorization, the date of each challenged action by defendant or defendants, and the particular legal claim brought. That organization facilitated clear analysis and tied the fee awards to those claims or parts of claims lacking evidentiary support in the record or appropriate coverage under the statutes or governing precedent.

I write separately to express my concern about the exclusion of the ACLU's amicus brief and to caution against the danger of chilling meritorious civil rights litigation. The district court denied the ACLU's motion for leave to file an amicus brief, explaining that the proposed brief would not aid the court in resolving the case because the brief was more closely aligned with Wynn and advocated for his positions. Granting leave to file an amicus brief is within "the sound discretion of the courts," and a court may admit a brief where the proffered information is "timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

Though I do not believe the denial was an abuse of discretion, had I analyzed the motion in the first instance, I would have admitted the ACLU's amicus brief. I think the brief was timely and useful. It did support Wynn's case but included law and analysis of fee issues and precedents that Wynn failed to articulate. Thus, it acted as a friend of the court, providing useful information on the applicable legal standards and importance of preserving legal avenues for civil rights enforcement. For example, the brief discussed the legal standard and policy implications for fee shifting under 42 U.S.C. § 1988 and for imposing sanctions under 28 U.S.C. § 1927. It further cautioned that liberally awarding attorneys' fees could undermine Congress's intent in enacting 42 U.S.C. § 1983—encouraging meritorious civil rights litigation. Indeed, in passing civil rights statutes, Congress intended to entrust enforcement of these statutes "to plaintiffs who serve in this

regard as private attorneys general." *Riddle v. Egensperger*, 266 F.3d 542, 557 (6th Cir. 2001) (Clay, J., concurring) (citation modified).

Courts have warned that too liberally awarding fees "may have a chilling effect on potentially meritorious civil rights plaintiffs." *Id.* at 556; *see also Shelton v. City of Taylor*, 92 F. App'x 178, 185 (6th Cir. 2004) ("[C]ourts are reluctant to award fees to defendants for fear of chilling willingness to bring legitimate civil rights claims."). Such awards may chill the willingness of counsel, as well as plaintiffs, to undertake such cases. Exercising caution is particularly important in the civil rights context because often "these cases are developed and ultimately decided on circumstantial evidence which may not be fully fleshed out until after discovery." *Riddle*, 266 F.3d at 557. I write separately, therefore, to emphasize that awarding attorney fees to defendants under § 1988 "is an extreme sanction" that "must be limited to truly egregious cases of misconduct." *Tahfs v. Proctor*, 316 F.3d 584, 596 (6th Cir. 2003). On the record in this case, however, I agree that the district court did not abuse its discretion in issuing fees and sanctions on the limited number of claims it granted and on the grounds it specified.