NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0227n.06

Nos. 08-2088/2090/2118/2615/2617

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Apr 12, 2011**
LEONARD GREEN, Clerk

KIMBERLY SYKES, TEVYA            )
GRACE URQUHART,                  )
                                 )
    **Plaintiffs–Appellees/**        )     ON APPEAL FROM THE
    **Cross–Appellants,**            )     UNITED STATES DISTRICT
                                 )     COURT FOR THE EASTERN
v.                               )     DISTRICT OF MICHIGAN
                                 )
DERRICK ANDERSON, CAROL          )
NICHOLS,                         )        **O P I N I O N**
                                 )
    **Defendants–Appellants/**       )
    **Cross–Appellees.**             )
_____  )

Before:  MOORE and GILMAN, Circuit Judges; and RUSSELL, Chief District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.**  Plaintiffs Kimberly Sykes and Tevya Grace

Urquhart were wrongly convicted of larceny by conversion and false report of a felony.  After the

Michigan Court of Appeals overturned their convictions, the plaintiffs sued Derrick Anderson and

Carol Nichols for false imprisonment, malicious prosecution, and denial of due process.  The jury

found the defendants liable, a finding that we affirmed on appeal.  *Sykes v. Anderson*, 625 F.3d 294

(6th Cir. 2010).  The jury awarded the plaintiffs over $2.5 million in compensatory and punitive

damages.  We remanded for the district court to "articulate, in the first instance, an explanation for

its denial of the Defendants' motion for remittitur."  *Id.* at 299.  We now **AFFIRM** the district

_____

[*]The Honorable Thomas B. Russell, Chief District Judge for the U.S. District Court for the
Western District of Kentucky, sitting by designation.

court's denial of the defendants' motion for remittitur, **DENY AS MOOT** the plaintiffs' cross-appeals, and **AFFIRM** the district court's award of attorney fees.

On December 20, 2010, the district court explained its reasons for denying remittitur. Based on the plaintiffs' prior salaries, the district court calculated the plaintiffs' lost earnings from the time of the criminal trial until their anticipated retirements at the age of 65. For both plaintiffs, these figures were "within reach of the jury's actual award" for compensatory damages. R. 314 (Dist. Ct. Op. on Remittitur at 4, 5). Noneconomic damages explained the remainder of the compensatory award. For example, "credible evidence" showed that Urquhart was hysterical, endured separation from her child, felt isolated, became "different after the incident," and suffered from post-traumatic stress disorder. *Id.* at 7, 8. Similarly, Sykes was embarrassed and afraid, was strip searched, lost weight, "was not the same person after the trial, conviction, and jail," experienced major depression and post-traumatic stress disorder, developed paranoia, and "put tissue paper in her ears" while incarcerated "because she felt that roaches were going to crawl in them." *Id.* at 9–10. On the issue of punitive damages, the district court found that the four-to-one ratio of compensatory-to-punitive damages was not "excessive in light of the direct link between Defendants' actions and Plaintiffs' false arrests, convictions, and incarcerations." *Id.* at 12.

As we stated in our earlier opinion in this case, "'[a]s a general rule, . . . a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss.'" *Sykes*, 625 F.3d at 322 (quoting *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004)). We review the denial of remittitur

for abuse of discretion. *Id.* At best, the defendants' objections show that the jury could have reached a different conclusion, not that its verdict exceeded the maximum reasonable award. For example, the fact that Sykes had suffered from post-traumatic stress disorder before the incident does not show that the award improperly compensated her for *exacerbation* of her disorder. Also, the defendants assert that Sgt. Nichols's testimony was not reprehensible enough to warrant punitive damages, but our prior opinion held that the defendants waived the argument "that the evidence at trial failed to show that the Defendants' actions were reprehensible enough to support a punitive-damages award." *Id.* at 322. Finally, although Sgt. Nichols insists that the judge who bound Urquhart for trial was not influenced by and did not rely on Sgt. Nichols's testimony when making that decision, this panel already held that "a reasonable jury could have found that Sgt. Nichols influenced or participated in the decision to prosecute and that her false testimony was thus one cause of the commencement of the criminal proceedings against the Plaintiffs." *Id.* at 313–14. We therefore **AFFIRM** the district court's denial of remittitur.

In our opinion affirming the jury's verdict of liability, we held in abeyance the plaintiffs' cross-appeals in Appeal Numbers 08-2090 and 08-2118. Both plaintiffs agree that "all of the issues raised on cross-appeal are conditional in nature. If the Court affirms the judgments rendered in this matter against Sgt. Nichols and Sgt. Anderson, there is no need for the Court to address any of the issues raised on cross-appeal." Sykes Br. (Appeal No. 08-2090) at 54; *see also* Urquhart Br. (Appeal No. 08-2118) at 67. Accordingly, because we have affirmed the jury's verdict of liability and the damages that it awarded, we **DENY AS MOOT** the plaintiffs' cross-appeals.

Finally, the defendants seek to reduce the amount of attorney fees awarded to the plaintiffs (Appeal No. 08-2615), while Sykes has cross-appealed to increase the amount of fees awarded to her attorney (Appeal No. 08-2617). "[I]n light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorneys' fees under § 1988 is entitled to substantial deference." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 634 (6th Cir. 2009) (internal quotation marks omitted). We review awards of attorney fees for abuse of discretion. *Id.* Federal courts calculate awards of attorney fees using the lodestar method, which consists of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Put differently, "the loadstar looks to the prevailing market rates in the relevant community." *Perdue v. Kenny A.*, --- U.S. ---, 130 S. Ct. 1662, 1672 (2010) (internal quotation marks omitted). The parties have raised four objections to the district court's calculation of fees, none of which we find convincing.

First, both Sykes and the defendants find the hourly rate of $250 unreasonable. Sykes prefers $350 per hour, while the defendants propose $170. However, "[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). The district court considered both the billing-rate surveys from the State Bar of Michigan and the plaintiffs' affidavits attesting to the extensive experience and skill of their lawyers. The district court did not abuse its discretion in selecting the reasonable hourly rate of $250, a number

that fell about halfway between the parties' requested rates. Second, no further reduction was required to offset duplicative efforts of Sykes's and Urquhart's attorneys. The district court struck particular items from Urquhart's bill that it deemed excessive or duplicative, rendering it unnecessary to impose an across-the-board percentage reduction. For Sykes's bill, the district court found it too difficult to address each item individually, opting instead to reduce the award across the board by twenty-five percent. Although the defendants cite a case where this court approved a fifty-percent reduction due to "duplication of effort," *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987), they provide no argument for why imposing a lesser reduction was an abuse of discretion. Neither solution that the district court imposed to remedy duplicative billing fell outside its discretion. Third, the district court acted within its discretion when it declined to reduce Sykes's attorney fees award by an additional twenty-six hours for work on the *Monell* claim.[1] Sykes petitioned for fees for 309 hours that her attorneys and their staff had spent on the *Monell* claim. The district court reduced Sykes's award by 344.85 hours—that is, 35.85 hours *more* than the total number of hours that Sykes had claimed that her counsel and their staff had spent on the *Monell* claim. The district court *under*charged the defendants by $1,482.70, so the defendants' request for an additional reduction lacks merit. Finally, the district court did not abuse

---

[1]Although the plaintiffs cross-appealed the summary judgment in favor of the city on their *Monell* claim, the plaintiffs expressly conditioned that cross-appeal on this court reversing some aspect of the jury's verdict, which we have not done. Moreover, the plaintiffs did not cross-appeal the attorney fees award on the ground that the district court erred by excluding hours spent preparing the *Monell* claim. Therefore, we do not address whether it was proper to deny fees for time spent preparing the *Monell* claim.

its discretion by refusing to award Sykes a fifteen-percent fee enhancement due to "superior attorney performance." *Perdue*, 130 S. Ct. at 1674. Such an enhancement must be justified by "specific evidence that the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1674–75 (internal quotation marks omitted) (offering examples such as the lodestar not capturing "the attorney's true market value," "an extraordinary outlay of expenses" during "exceptionally protracted" litigation, or "exceptional delay in the payment of fees"). The district court considered Sykes's request but concluded that the attorney's success was "adequately reflected in [the] Plaintiffs' reasonable hours and rate." R. 229 (Dist. Ct. Order at 15). We see no abuse of discretion. We therefore **AFFIRM** without modification the district court's award of attorney fees.

In sum, we **AFFIRM** the district court's denial of the defendants' motion for remittitur, **DENY AS MOOT** the plaintiffs' cross-appeals, and **AFFIRM** the district court's award of attorney fees.