**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0469n.06

No. 16-3368

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM HOWE; BRADLEY CARR; DAVID HULL; DAVID O'NEAL; LESLIE GAISER; MICHAEL HAUSCH; JEFFREY LAYNE; BRUCE CLOUGH; JERRY ELIE; JEFFERY SCHUELLER; PHIL GAUER; GREGORY SNYDER; MICHAEL REED; KERRY BRIGGS; JOHN TRIOLA; BRADLEY ROBSON; JAMES FEEMAN; FRANK POLETTA; WILLIAM R. WILKINSON; JAMES FARINA; BRENDA CHAPMAN; JEFFREY DERRENBERGER; and CYNTHIA CRAWFORD, Executrix of the Estate of Jerome K. Crawford, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | **FILED** Aug 15, 2017 DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| CITY OF AKRON, | ) ) | |
| Defendant-Appellee. | ) | |

BEFORE: MOORE and COOK, Circuit Judges; COHN, District Judge.[*]

PER CURIAM. The "remarkable vigor and venom" of this litigation, *Howe v. City of Akron*, 801 F.3d 718, 724 (6th Cir. 2015), has not ceased since we last visited it nearly two years ago. In its latest iteration, Plaintiffs, a group of Akron firefighters who prevailed at trial on the issues of age and race discrimination, dispute the district court's award of attorney fees. The

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

award of attorney fees is largely at the discretion of district courts, and the district court in this case did not abuse that discretion. Accordingly, we AFFIRM the district court's judgment.

## I. BACKGROUND

In the underlying case, Plaintiffs alleged that the City of Akron discriminated against them on the basis of race or age when it failed to promote them within the fire department. *Id.* at 726. Plaintiffs also brought a case in the Summit County Court of Common Pleas, which they voluntarily dismissed. After some claims and plaintiffs were dismissed from this case, both voluntarily and through summary judgment, a jury decided the questions of "whether Akron's promotional process had a disparate impact on African-American or over-forty candidates for the rank of Lieutenant and Caucasian candidates for the rank of Captain." *Id.* at 727. On these questions, "the jury returned a unanimous verdict in favor of all of the Plaintiffs." *Id.*

The jury verdict did not end the case, however. Upon a motion for a new trial, the district court determined that a new trial was needed on the issue of damages. *Id.* at 729. During a renewed period of discovery, Akron deposed each of the 23 plaintiffs using a particular formula to calculate back pay. *Id.* at 730–31. But shortly after discovery closed and trial was about to begin, Plaintiffs claimed back pay using a different formula. *Id.* at 733. The district court issued an order sanctioning Plaintiffs' counsel for this switch, explaining that their "offensive gamesmanship throughout discovery and [] failure to disclose to Akron the method of computation of damages is indefensible." R. 530 (1st Sanctions Order at 12). Although the district court ultimately vacated this order because "neither party has clean hands with respect to this matter," it cautioned that it would "take into account Plaintiffs' counsel's conduct as well as

Defendant's counsel's conduct when determining the proper amount of fees to award." R. 722 (Reconsidered Sanctions Order at 3–4).

We have since instructed the district court to reassign the case. *Howe*, 801 F.3d at 756–57. Plaintiffs then filed two motions for attorney fees, to which they attached a substantial bill of costs.[1] Despite its length, however, the bill is not a model of precision and detail. For instance, a $24,250 invoice for one group of experts stated, in full, "[e]xpert review of City of Akron Fire Lieutenant & Fire Captain selection processes." R. 614 (Bill of Costs at 23, 27). Another invoice was for "[d]eposition preparation" and "[p]arking," and yet another was for a "[d]eposition." *Id.* at 41, 48. After holding several telephonic status conferences on the matter, but without the aid of reply briefing on Plaintiffs' supplemental motion for attorney fees, the district court issued an order awarding attorney fees pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988. *Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 916701 (N.D. Ohio Mar. 10, 2016). Because the order did not satisfy their entire request, Plaintiffs have appealed, arguing that the district court abused its discretion on a variety of grounds.

---

[1]Plaintiffs have filed a motion to supplement the record with copies of the City of Akron's unredacted attorney fee bills pursuant to Federal Rule of Appellate Procedure 10(e). Since Plaintiffs filed their motion, the district court has indicated that "[t]he un-redacted billing statements of defense counsel were not material to, and did not factor into, the Court's award to plaintiffs." R. 842 (Dec. 15, 2016 Order at 5). Because appellants may not "add new material that was never considered by the district court," *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003), and because the district court did not consider these bills, we DENY the motion.

## II. DISCUSSION

In support of its argument that the district court abused its discretion in its award of attorney fees, Plaintiffs raise six "assignments of error." After setting forth the appropriate standard of review, we review each alleged assignment of error in turn.

## A. Standard of Review

We review a district court's award of attorney fees for abuse of discretion, "defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)) (internal quotation mark omitted). We reverse only if the district court "relies upon clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)) (internal quotation mark omitted). Such "[s]ubstantial deference" is owed because of "the district court's superior understanding of the litigation." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). All the same, and because "that discretion is not unlimited[,] . . . [i]t is essential that the judge provide a reasonably specific[, concise, and clear] explanation for all aspects of a fee determination." *Id.* at 703 (internal quotation marks and citations omitted).

Plaintiffs argue that we do not owe substantial deference to the district court "[b]ecause the re-assigned Judge did not possess familiarity with the lengthy and complex proceedings in this case." Appellants' Br. at 14. It is true that Judge Lioi has less familiarity with this case than she would have if she presided from the beginning. Yet, she is not wholly unfamiliar with the

case, having held five status conferences and issued numerous orders since her assignment. In addition, district courts' "superior understanding of the litigation" is not the sole reason we owe "[s]ubstantial deference" on the issue of attorney fees. *See Husted*, 831 F.3d at 702 (citation omitted). We also owe such deference to "avoid[] frequent appellate review of what are essentially factual matters." *Id.* at 703 (quoting *Hensley*, 461 U.S. at 437) (internal quotation mark omitted). District courts are better positioned to find facts, in no small part because they oversee discovery. *See* Fed. R. Civ. P. 26–37.

Relatedly, Plaintiffs argue—for the first time in their reply brief—that Judge Lioi exhibited similar bias as Judge Adams (the original presiding judge), and that therefore no deference is owed. First off, we bypass as forfeited arguments raised for the first time in an appellate reply brief. *See Val-Land Farms, Inc. v. Third Nat'l Bank in Knoxville*, 937 F.2d 1110, 1114 (6th Cir. 1991). Forfeiture notwithstanding, we also note that Judge Lioi's alleged "unwarranted criticisms" of "the litigation and the parties," Appellants' Reply Br. at 13–15, were nothing of the sort. For instance, the district court commented on counsel's lack of clarity as part of its analysis of "whether the expenditure of counsel's time was reasonably expended on the litigation." *Howe*, 2016 WL 916701, at *16 (citing *Hensley*, 461 U.S. at 433). And the district court commented on Judge Gilman's concurring opinion, *see Howe v. City of Akron*, 557 F. App'x 402, 405–07 (6th Cir. 2014) (Gilman, J., concurring), in determining whether Plaintiffs' appeal of the district court's sanctions order was a "discrete claim[]," *see Howe*, 2016 WL 916701, at *16 (quoting *Hensley*, 461 U.S. at 435). Judge Lioi's attorney fees determination necessitated analysis of these components—it does not reflect improper bias.

**B. Plaintiffs' Alleged Assignments of Error**

Mindful of the deference we owe to the district court, we now review each error that Plaintiffs assign.

**1. Assignment of Error No. 1: Impermissibly Parsing the Record**

Plaintiffs first argue that the district court "impermissibly parsed the record to determine which issues and parties 'succeeded' or 'failed' and thus abused its discretion in excluding time spent on 'unsuccessful plaintiffs' and on procuring a reversal of Judge Adams'[s] sanctions order." Appellants' Br. at 16–21. There is no doubt that under §§ 2000e-5 and 1988, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," *Hensley*, 461 U.S. at 435, and not on "the success or failure of the individual claims," *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 673 (6th Cir. 2006). The district court got it right, here. Rather than parse each claim, it stated in general terms that "[Plaintiffs' counsel] obtained a judgment of liability and established [Plaintiffs'] entitlement to damages, and [Plaintiffs] secured previously contested promotions." *Howe*, 2016 WL 916701, at *6.

Plaintiffs also contend that the district court "impermissibly parsed the record to determine which . . . parties 'succeeded' or 'failed.'" Appellants' Br. at 16. This is not impermissible parsing; it is exactly what §§ 2000e-5 and 1988 require. "Prevailing party status is a 'statutory threshold' which must be crossed before there is any consideration of a fee award." *DiLaura*, 471 F.3d at 670 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989)). Thus, the district court was required to determine whether each

plaintiff was, in fact, a prevailing party. *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 414–15 (7th Cir. 2005) (determining prevailing-party status party by party). Plaintiffs' counsel would receive a windfall if they were awarded fees for representing those plaintiffs that were dismissed at the summary-judgment stage. Therefore, the district court did not abuse its discretion in declining to award fees with respect to non-prevailing plaintiffs.

Finally, Plaintiffs argue that the district court impermissibly singled out Plaintiffs' counsel's work on the state-court case and the two sanctions imposed by Judge Adams. *See* Appellants' Br. at 18–19. Although "the district court should focus on the significance of the overall relief obtained by the plaintiff," it should do so "in relation to the hours reasonably expended on the [civil rights] litigation." *Hensley*, 461 U.S. at 435; *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 242 (1985). The district court did not abuse its discretion in finding that a separate suit brought in state court was not part of the civil-rights litigation. *Howe*, 2016 WL 916701, at *14. Lawsuits may not be divided into "a series of discrete claims," but this principle does not extend to lawsuits that are actually separate actions, such as the case brought in state court. *See Hensley*, 461 U.S. at 435. Nor did the district court abuse its discretion in finding that "the fees associated with defending the imposition of sanctions were not 'useful and of a type ordinarily necessary to advance the civil rights litigation.'" *Howe*, 2016 WL 916701, at *17 (quoting *Webb*, 471 U.S. at 243). The sanctions issue involved Plaintiffs' counsel's conduct during discovery, R. 722 (Reconsidered Sanctions Order at 1), an issue involving a different "core of facts" and "legal theories" than the age and race

discrimination faced by Plaintiffs, *see Hensley*, 461 U.S. at 435. Thus, it was not an abuse of discretion for the district court to refrain from awarding attorney fees on this unrelated matter.

### 2. Assignment of Error Nos. 2, 3, and 4: Across-the-Board Reduction

Plaintiffs next contest the district court's "overly punitive 35% across-the-board reduction."[2] Appellants' Br. at 21–50. They offer several reasons why this constitutes an abuse of discretion, none of which we find persuasive.

First, Plaintiffs contend that the 35-percent reduction "does not accurately reflect claimed deficiencies in" their counsel's time entries. *Id.* at 21–28. "[T]his Court has repeatedly upheld reductions in attorneys' fees for duplicative or excessive billing," *Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 603–04 (6th Cir. 2014), and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly," *Hensley*, 461 U.S. at 433.

We find the district court's review and explanation of the shortcomings in Plaintiffs' counsel's bills to be clear and concise. Likewise, we discern no evidence in the record suggesting the district court "relie[d] upon clearly erroneous findings of fact" in concluding that Plaintiffs' counsel's excessive efforts and indeterminate entries warranted an across-the-board reduction. *Husted*, 831 F.3d at 702 (internal quotation marks and citation omitted). Here, the

---

[2]The City of Akron argues that Plaintiffs waived the argument that "the district court failed to provide a specific explanation for the 35% reduction." Appellee's Br. at 37. Plaintiffs, however, do not dispute that the district court provided an explanation. *See* Appellants' Br. at 22 (identifying the district court's explanation). Rather, they dispute whether the district court's explanation *warranted* the 35-percent reduction.

district court discussed in sufficient detail Plaintiffs' counsel's excessive and duplicative efforts, overstaffing, and vague billing entries. *Howe*, 2016 WL 916701, at *10–17. Requiring the district court to parse the bills in even greater detail would be tantamount to requiring a complete audit. "[I]n assessing fees, district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but instead must simply [] do 'rough justice.'" *Husted*, 831 F.3d at 703 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)); *see also id.* at 713 n.11 ("In essence, Defendants are asking this court to cull through the records and conduct a[ ] line-item review. But as stated throughout this opinion, the Supreme Court does not require district courts to conduct such an analysis and precludes us from micromanaging fee awards."); *cf. Ohio Right to Life*, 590 F. App'x at 604–05 ("This Circuit has not articulated a clear requirement that when an across-the-board reduction to attorneys' fees is based on multiple factors, the court must specify how much of the reduction is attributable to each factor; nor do we do so today.").

Plaintiffs also claim that the district court incorrectly characterized billing entries as block-billed. Appellants' Br. at 34–42. As the district court noted, block billing is not per se prohibited. *Howe*, 2016 WL 916701, at *12. But, if counsel's block billing relies on inadequate descriptions of the work performed, "the district court may reduce the award accordingly." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014) (citing *Hensley*, 461 U.S. at 433). That is what happened here. The district court gave Plaintiffs' counsel "the benefit of every doubt" but nonetheless determined that their bills "reflect a severe lack of care," evidenced by the many entries "list[ing] a string of activities using only the most general of descriptors . . . leaving the [c]ourt to guess as to the nature of each task." *Howe*, 2016 WL 916701, at *13.

Because basing part of the 35-percent reduction on Plaintiffs' counsel's inadequately documented block billing does not constitute a "clear error of judgment," it does not amount to an abuse of discretion. *Paschal*, 297 F.3d at 434.

Finally, Plaintiffs argue that the district court abused its discretion because it "fail[ed] to consider the hypocrisy of Akron's objections to the reasonableness of Plaintiffs' counsel's hours." Appellants' Br. at 45–50. This argument is unavailing. Surely a district court can "provide a clear and concise explanation of its reasons for the fee award" without criticizing the hours billed by counsel for the party *not* seeking to recover attorney fees. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)) (quotation mark omitted).

In sum, the district court permissibly reduced the fee award by 35 percent. This court has approved the across-the-board approach to fee determinations in the past, and we discern no abuse of discretion by the district court in employing that approach in this instance. *See, e.g.*, *Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011); *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005); *Ky. Rest. Concepts Inc. v. City of Louisville*, 117 F. App'x. 415, 419 (6th Cir. 2004).

### 3. Assignment of Error No. 5: Reduction of Expert Fees

Plaintiffs next argue that they presented sufficient evidence to support their requested expert fees for CentrusPS, Dr. Jacobs, and Dr. Jeanneret—which the district court awarded in part or not at all. Appellants' Br. at 50–53. Title VII "requires that the expert fees be reasonable, and if the moving party did not present the court with adequate documentation, there

would be no basis for the court to decide whether the fee was reasonable." *See EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 595 (6th Cir. 2013); *Virostek v. Liberty Twp. Police Dep't/Trs.*, 14 F. App'x 493, 510 (6th Cir. 2001) (observing that "the standard for awarding attorneys' fees is essentially the same under § 1988 and § 2000e–5(k), as the provision for attorneys' fees under § 1988 was patterned after that in § 2000e–5(k)" (citing, inter alia, *Hensley*, 461 U.S. at 433 n.7)). As with attorney fees generally, we review the sufficiency of expert-fee documentation for abuse of discretion. *Peoplemark, Inc.*, 732 F.3d at 594–95.

With respect to CentrusPS, the district court explained that Plaintiffs did not supply adequate documentation of the services provided by Dr. Brink—a consultant with CentrusPS. *Howe*, 2016 WL 916701, at *23. But through its "own investigation," the court gathered that Dr. Brink "consult[ed] with the court monitor to facilitate the last promotional cycle." *Id.* Accordingly, the district court reduced by 50 percent the requested expert fee for CentrusPS. Given the lack of documentation supporting the costs sought, the district court acted within its discretion in reducing the fee award.

The district court did not award any of the fees requested for Drs. Jacobs and Jeanneret, finding insufficient documentation to determine the reasonableness of the fees. Plaintiffs simply contend that denying awards for Drs. Jacobs's and Jeanneret's fees "amounts to an egregious abuse of discretion, especially given clear record documents showing the services rendered." Appellants' Br. at 51. They argue that the district court should have looked at Dr. Jacobs's actual invoice for his services, instead of relying on a later-in-time billing statement from Plaintiffs' counsel to Plaintiffs seeking reimbursement for an advanced cost. *Id.* They also

contend that the district court ignored Dr. Jeanneret's invoice because the opinion did not cite to it. *Id.* at 50–51.

In their briefing before the district court, however, Plaintiffs never specifically directed Judge Lioi to either Dr. Jacobs's or Dr. Jeanneret's invoices. Instead, they filed a bill of costs supported by roughly 80 pages of invoices and billing statements, with the relevant invoices stuffed in the middle. Even though the district court did not cite the two invoices that, according to Plaintiffs, clearly state the work performed by Drs. Jacobs and Jeanneret, that does not necessarily imply that it neglected to review those documents. Plus, we have reviewed the invoices and find neither particularly clear or descriptive. Dr. Jacobs's invoice states only "[d]eposition," R. 614 (Bill of Costs at 48), and Dr. Jeanneret's states only "[d]eposition preparation," *id.* at 41. At bottom, the district court's decision regarding expert fees does not reflect "a clear error of judgment," and, therefore, was not an abuse of discretion. *Paschal*, 297 F.3d at 434.

### 4. Assignment of Error No. 6: Current Rates

Finally, Plaintiffs argue that the district court abused its discretion in setting attorney fees based on historical, rather than current, hourly rates. Appellants' Br. at 53–58. This is no doubt the sort of "complex civil rights litigation" where, at least in some respects, "compensation [was] received several years after services were rendered." *See Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). Thus, it would not have been an abuse of discretion had the district court awarded current rates, as Plaintiffs requested. *See id.* But it is not an abuse of discretion for the district court to award fees based on historical rates, either. *See Gonter v. Hunt Valve*

*Co.*, 510 F.3d 610, 617 (6th Cir. 2007). Plaintiffs' citations to an expert who recommended a higher fee be awarded, R. 732 (Oct. 2, 2014 Tr. of Mot. Hr'g at 133–34), and cases where the current rate was applied, *see, e.g.*, *Barnes*, 401 F.3d at 745, do not persuade us that the district court abused its discretion here.

### III.  CONCLUSION

For these reasons, we AFFIRM the district court's judgment and DENY the motion to supplement the record on appeal.

**KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part.** I concur with the majority that the district court did not impermissibly parse the record or impermissibly apply historical rates in its attorney-fee award. I also concur that the district court did not abuse its discretion in awarding expert fees for many of the expert witnesses. However, because I believe that the district court disregarded evidence that supported certain expert fees and because I believe that the district court inadequately explained its 35 percent reduction in attorney fees, I respectfully dissent from section II.B.2 and part of section II.B.3 of the majority opinion.

First, I believe that the district court's 35 percent reduction was an abuse of discretion because the district court failed to explain why that particular percentage was chosen. "There is no precise rule or formula for making [fee] determinations," *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), but district courts must still "provide a reasonably specific explanation for all aspects of a fee determination," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). Here, the district court came up with 35 percent by citing the percentages used in other district courts and stating, without support, that the reduction "accounts for counsel's excessive and block billing, overstaffing, and vague entries." *Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 916701, at *17 (N.D. Ohio Mar. 10, 2016). This is insufficient. Turning to "courts in other cases" and punishing counsel for its "'indiscriminate approach' to the fee petition" does "nothing to explain why [35 percent] was the appropriate amount to account for those factors." *See H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 383–85 (6th Cir. 2016) (citation omitted). On occasion, we have upheld a percentage-based reduction in attorney fees. *See, e.g.*, *Sykes v.*

14

*Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011) (allowing a 25 percent reduction to account for duplicative efforts). But the Supreme Court has made clear that if a district court alters the lodestar by a percentage, that percentage cannot be "arbitrary"; the district court must explain why the particular percentage was chosen. *See Perdue*, 559 U.S. at 557–58; *see also Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 639–40 (6th Cir. 2013). Therefore, and mindful that "[o]ur concern is not whether the requested fee award should be reduced but whether the reduction amount was appropriate and adequately explained," *H.D.V. - Greektown, LLC*, 660 F. App'x at 384, I believe that the district court abused its discretion by reducing the attorney fees by 35 percent without a sufficient explanation.

Second, I believe that the district court abused its discretion in declining to award expert fees for Brink, Jacobs, and Jeanneret. With respect to Brink, I believe that the district court once again failed to explain why it chose a particular percentage reduction. The district court reduced Brink's fees by half, vaguely explaining that his fee was "properly reduced to reflect the lack of adequate documentation supporting the costs sought." *Howe*, 2016 WL 916701, at *23. Without a sense of why the district court chose 50 percent, and not 40 or 60 percent, "a methodology that permits meaningful appellate review" is not evident. *See H.D.V. - Greektown, LLC*, 660 F. App'x at 383 (quoting *Binta B.*, 710 F.3d at 640). In addition, I believe that the invoices for Jacobs and Jeanneret are sufficiently detailed to award expert fees; they refer to depositions that are readily available in the record. R. 614 (Bill of Costs 30–48) (Page ID #16685–703); R. 80-43 (Jacobs Dep.) (Page ID #1716); R. 80-44 (Jeanneret Dep.) (Page ID #1767). Despite this detail, the district court did not mention the invoices for Jeanneret. And although the district court

noted Jacobs's invoice, it singled out a fee for "Expert Services" without noting more detailed aspects of his invoice. *See Howe*, 2016 WL 916701, at \*23 (quoting R. 614 (Bill of Costs at 45) (Page ID #16700)). Because the district court appears to have overlooked evidence that would support an award of fees to Jacobs and Jeanneret, I believe that it abused its discretion in this respect as well.

For the above reasons, I would reverse the district court's judgment with respect to the 35 percent reduction and with respect to Brink's, Jacobs's, and Jeanneret's expert fees. I would affirm the remainder of the judgment.