KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part,
I concur with the majority that the district court did not impermissibly parse the record or impermissibly apply historical rates in its attorney-fee award. I also concur that the distript court did not abuse its discretion in awarding expert fees for many of the expert witnesses. However, because I believe that the district court disregarded evidence that supported certain expert fees and because I believe that the district court inadequately explained its 35 percent reduction in attorney fees, I respectfully dissent from section II.B.2 and part of section II.B.3 of the majority opinion.
First, I believe that the district court’s 35 percent reduction was an abuse of discretion because the district court failed to explain why that particular percentage was chosen. “There is no precise rule or formula for making [fee] determinations,” Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), but district courts must still “provide a reasonably specific explanation for all aspects of a fee determination,” Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). Here, the district court came up with 35 percent by citing the percentages used in other district courts and stating, without support, that the reduction “accounts for counsel’s excessive and block billing, overstaffing, and vague entries.” Howe v. City of Akron, No. 5:06-cv-2779, 2016 WL 916701, at *17 (N.D. Ohio Mar. 10, 2016). This is insufficient. Turning to “courts in other cases” and punishing counsel for its “ ‘indiscriminate approach’ to the fee petition” does “nothing to explain why [35 percent] was the appropriate amount to account for those factors.” See H.D.V.-Greektown, LLC v. City of Detroit, 660 Fed.Appx. 375, 383-85 (6th Cir. 2016) (citation omitted). On occasion, we have upheld a percentage-based reduction in attorney fees. See, e.g., Sykes v. Anderson, 419 Fed.Appx. 615, 618 (6th Cir. 2011) (allowing a 25 percent reduction to account for duplicative efforts). But the Supreme Court has made clear that if a district court alters the lodestar by a percentage, that percentage cannot be “arbitrary”; the district court must explain why the particular percentage was chosen. See Perdue, 559 U.S. at 557-58, 130 S.Ct. 1662; see also Binta B. ex rel. S.A. v. Gordon, 710 F.3d 608, 639-40 (6th Cir. 2013). Therefore, and mindful that “[o]ur concern is' not whether the requested fee award should be reduced but whether the reduction amount was appropriate and adequately explained,” H.D.V.-Greektown, LLC, 660 Fed.Appx. at 384, I believe that the district court abused its discretion by reducing the attorney fees by 35 percent without a sufficient explanation.
Second, I believe that the district court abused its discretion in declining to award expert fees for Brink, Jacobs, and Jean-neret. With respect to Brink, I believe that the district court once again failed to explain why it chose a particular percentage reduction. The district court reduced Brink’s fees by half, vaguely explaining that his fee was “properly reduced to reflect the lack of adequate documentation supporting the costs sought.” Howe, 2016 WL 916701, at *23. Without a sense of why the district court chose 50 percent, and not 40 or 60 percent, “a methodology that permits meaningful appellate review” is not evident. See H.D.V.-Greektown, LLC, 660 Fed.Appx. at 383 (quoting Binta B., 710 *386 F.3d at 640). In addition, I believe that the invoices for Jacobs and Jeanneret are sufficiently detailed to award expert fees; they refer to depositions that are readily available in the record. R. 614 (Bill of Costs 30-48) (Page ID # 16685-703); R. 80—43 (Jacobs Dep.) (Page ID # 1716); R. 80-44 (Jeanneret Dep.) (Page ID # 1767). Despite this detail, the district court did not mention the invoices for Jeanneret. And although the district court noted Jacobs’s invoice, if singled out a fee for “Expert Services” without noting more detailed aspects of his invoice. See Howe, 2016 WL 916701, at *23 (quoting R. 614 (Bill of Costs at 45) (Page ID # 16700)). Because the district court appears to have overlooked evidence that would support an award of fees to Jacobs and Jeanneret, I believe that it abused its discretion in this respect as well.
For the above reasons, I would reverse the district court’s judgment with respect to the 35 percent reduction and with respect to Brink’s, Jacobs’s, and Jeanneret’s expert fees. I would affirm the remainder of the judgment.